Law Library

## IN THE SUPERIOR COURT
## OF GUAM

SCOTT K. MOYLAN )           Civil Case no. CV1537-09

            Plaintiff, )

vs. )           **DECISION AND ORDER**

ANZ Guam, Inc. (formerly known as )
Citizens Security Bank), DOE Corporations )
1-5, and JOHN DOES 1-5, )

            Defendants. )

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo May 14, 2013, on Defendant's ANZ Guam Inc. (hereafter Defendant) Motion for Summary Judgment and Motion to Strike. Plaintiff was represented by Attorney Curtis C. Van de veld. Defendant ANZ Guam Inc. (hereafter Defendnant) was represented by Attorney Duncan G. McCully. After considering the matters presented, the Court now issues the following decision and order granting in part Defendant's motion for summary judgment and its motion to strike.

## BACKGROUND

This action stems from Plaintiff's October 16, 2009, Complaint for: 1) Wrongful Termination; 2) Fraud; 3) Civil Conspiracy; 4) Retaliatory Discharge; 5) False Light Invasion of Privacy; 6) Negligence; 7) Intentional Infliction of Emotional Distress; and 8) Negligent Infliction of Emotional Distress.

**Summary Judgment Papers**

On February 12, 2012, Defendant filed two papers entitled ANZ's Motion for Summary Judgment and ANZ's Memorandum in Support of Summary Judgment. In its papers Defendant requests that the Court enter an order finding that Plaintiff's Complaint must be summarily

dismissed. In support of this motion Defendant argues and asserts that it is undisputed that Plaintiff:

1) Disclosed confidential information concerning the compensation of CSB executives; Mot. at 15.
2) Investigated the account information of bank customers for a non-business, family connection purpose; *Id.* at 14.
3) Lied to his employer about disclosing confidential customer information to his brother Doug Moylan for use in a disputed guardianship proceeding brought on behalf of his grandparents; *Id.* at 13. and
4) Violated federal law and the Defendant's privacy policy. *Id.* at 2-15.

It also argues that the essential elements of Plaintiff's remaining claims are not based in fact.

On March 30, 2012, Plaintiff filed a paper in opposition entitled, Opposition to Motion for Summary Judgment. In his papers Plaintiff argues and asserts that several material issues of disputed facts should prevent entry of summary judgment. In support of this argument he identifies the following as disputed issues of fact:

1) Whether the Defendant knew about Plaintiff's report to Guam Adult Protection Services prior to terminating Plaintiff; Opp. at 5, 18-19, and 24;
2) Whether Plaintiff violated Defendant's privacy laws and policies; Opp. at 6;
3) Whether Plaintiff may use a third party to disclose facts related to elderly abuse; Opp. at 7;
4) Whether Francis L. and Yuk Lan Moylan consented to Plaintiff's accessing their bank account activity and information; Opp. at 7;
5) Whether Plaintiff obtained the financial information about Larry Butterfield and Richard Northey from an unauthorized email to Caroline Cardines or while performing a task assigned to him by his supervisor Frank Remo; Opp. at 8-9;
6) Whether the Defendant fabricated the Troy Moylan disclosure or other facts to justify its terminating Plaintiff's employment for his investigating and reporting elder abuse; Opp. at 18-19, 21, 26;
7) Whether Defendant attempted to hide an investigation of the life savings of Loling Fields; Opp. at 21-22; and
8) Whether it was proper for Defendant to not inform Plaintiff's immediate supervisor of its investigation of Plaintiff. Opp. at 22-23.

Legally, Plaintiff argues that his disclosure to Troy Moylan of corporate executive compensation information was justified by Troy Moylan's status as a shareholder.

Defendant filed a reply paper on April 17, 2013. In it Defendant argues that because

Plaintiff's opposition failed to set forth any admissible facts that might show Plaintiff was terminated for a reason in violation of public policy his complaint must be dismissed. Defendant reasserts that its reasons for terminating Plaintiff's employment; that it in good faith believed that Plaintiff violated company policy and federal law when he told a non-employee account transaction details of his supervisors and expressed his opinion about whether their compensation amounts were too much money. Reply at 1-4.

Defendant refutes Plaintiff's assertion that a material issue of fact exists about whether it was aware of the Plaintiff's report to Guam Adult Protection Services. It does so by arguing that a document notifying the bank and its supervisors of this is not sufficient to show their personal awareness of the facts therein. Reply 5-8. More significantly it argues that it does not indicate that it was a factor used by Plaintiff's supervisors in deciding to terminate Plaintiff. Reply 5-8. It argues that absent this a disputable material issue of whether Plaintiff was terminated for an ulterior reason cannot lie. Reply 5-8. Lastly, it argues and asserts that Plaintiff's disclosure of the private information for personal or family interest cannot be absolved by also reporting it to the Guam Office of the Public Guardian. Reply at 9-10.

**Supplemental Papers**

On April 12, 2013, prior to filing its reply paper, Defendant filed a paper entitled, ANZ's Supplemental Memorandum Re: *Ramos vs. Docomo Pacific* (2012 Guam 20). In it Defendant outlines the Guam Supreme Court's decision in *Ramos* and argues about its applicability to this case.

On April 19, 2013, Plaintiff filed a paper entitled, Opposition to Supplemental Brief in re: Motion for Summary Judgment. In its Opposition Plaintiff disputes Defendant's analysis of *Ramos* and reasserts its position that a disputable issue of fact exists as to whether the bank knew Plaintiff was reporting information to Guam Adult Protection Services prior to his

termination and whether this reporting was the reason for his termination.

On April 26, 2013, Plaintiff filed a paper entitled ANZ's Reply to Opposition to Supplemental Memorandum re: *Ramos vs. Docomo Pacific*. In its paper Defendant re-argues the points made in its reply paper.

**Motion to Strike Papers**

Subsequent to Plaintiff filing its March 30, 2013, opposition to summary judgment papers Defendant filed a paper entitled, ANZ's Objection and Motion to Strike Potions of Plaintiff's Declarations in Opposition to Summary Judgment. In its paper Defendant requests that the Court enter an order striking 16 sections of Franklin Remo declaration, 7 sections of Dough Moylan's declaration, and 26 sections of Plaintiff's declaration, for their failure to comply with Rule 56 of the Guam Rules of Civil Procedure and the Guam Rules of Evidence. Defendant identifies each statement that is objectionable and individually argues why each should be stricken.

On April 12, 2013, Plaintiff filed a paper entitled, Opposition to Motion to Strike. In it Plaintiff argues and asserts that even if the Court strikes all of the evidences requested a material issue of fact still exists about whether the bank had knowledge of Plaintiff's reporting prior to the firing. Plaintiff then generally argues about the admissibility of all of the statements made by Frank Remo, Doug Moylan and Plaintiff. Plaintiff also asserts that he has filed supplemental affidavits correcting the evidentiary objections raised.

Additionally on April 15, 2013, Plaintiff filed a paper entitled, Memorandum Supporting Motion to Shorten Time for GRCP Rule 6(b)(2) Motion to Accept Supplemental Affidavit of Franklin A. Remo. In it Plaintiff requests that the Court allow him to file the supplemental affidavit of Franklin A. Remo after the deadline set by the Court. In support of this request Plaintiff argues and asserts that Declarant Remo was traveling off island and that

his travel itinerary made communication between them difficult and these facts justify a finding of good cause.

Defendant filed its reply paper to Plaintiff's opposition to its motion to strike on April 19, 2013. In its reply paper Defendant reduces its issues as raised in its summary judgment papers to two: 1) Whether it terminated Plaintiff because he reported private account information to Guam Adult Protection services and 2) Whether terminating Plaintiff's employment for private disclosure of supervisor account information was pre-textual. Defendant generally argues in rebuttal that Declarant Remo and Plaintiff's affidavits lack sufficient factual basis to be admissible.

**UNDISPUTED FACTS**

In this case it is undisputed that:

1. Plaintiff, in the course of his employment as a comptroller for Defendant's bank became aware of the potential unlawful taking of his grandparents' monies by their caretakers on or about May 24, 2007. Def.'s Declaration of G. McCully Ex. 1. at 24-28.

2. Without the permission of his grandparents' caretakers, Leialoha Alston and Francis Moylan Jr.'s, Plaintiff accessed their personal bank account information and the account information of his grandparents. Id. at 99

3. Plaintiff disclosed this information to his brother, Attorney Douglas Moylan, who disclosed it to their father Richard Moylan. Id. at 99 and Pl.'s Depo. at 29-30.

4. On May 31 and June 6, 2007, Doug and Richard Moylan met with the Guam Adult Protective Services Public Guardian to disclose the personal bank account information of his parents and their caretakers and their suspicion of abuse. Doug Moylan Dep. at 42.

5. On June 26, 2007, Doug and Richard Molyan filed a Verified Petition for Appointment of Guardian for Plaintiff's grandparents because the Plaintiff's attorney determined that the

Guam Guardian wasn't moving fast enough. Doug Molyan Dep. at 40-41.

6. That the Guam Public Guardian did not file a petition on behalf of the grandparents.[1]

7. The personal account information of the grandparents and their caretakers were used in the guardianship proceedings. Doug Moylan Dep. at 37.

8. The guardianship court did not find that the grandparents' caretakers had acted with ill or deceitful motives. It ordered that the grandparents' monies that had been placed in the caretakers sole names be placed back into the sole names of the grandparents. Pl.'s Opp. Ex. 1 at 12 and 22.

9. On July 24, 2007, Plaintiff sent an email to Troy K. Moylan revealing the amounts that several executive bank employees had received as compensation for a business deal and indicating that those amounts had been cashed and that the compensation was too much money. Mot. at Ex. 16.

10. On September 17, 2007, Defendant received a letter from Plaintiff's cousin, Leialoha Moylan Alston complaining that Plaintiff was improperly accessing and using her banking information in his father's guardianship petition for his grandparents. Mot. at Ex. 1.

11. Upon receiving the complaint Defendant conducted an internal investigation of the September 17, 2007, complaint. Dec. Russell Smith at ¶ 12. The investigation revealed that Plaintiff was accessing customer accounts for a non-business purpose. *Id.* at 14. This access violated the Defendant bank's privacy policy. *Id.* at 9. Pl.'s Dep. Nov. 10, 2011, Ex. 23.

12. The investigation also revealed that Plaintiff had emailed a non-bank employee the account transaction details of his supervisors and expressed his opinion about whether their compensation amounts were too much money. Mot. Ex. 16.

---

[1] After reviewing the public record in SP110-07, SP104-07, SP105-07, SP106-07, and 111-07 the Court takes judicial notice of this fact.

13. The Defendant's internal investigation findings were that Plaintiff has 1) Accessed customer financial information without a legitimate business purpose; and 2) Disclosed confidential financial information to persons outside the bank. Smith Dec. at 11-12. Plaintiff's immediate termination was recommended. Pl.'s Dep. Nov. 10, 2011, at Ex.s 23 and 25.

14. On October 19, 2007 Plaintiff was given the opportunity to explain the conduct that was revealed in the bank's internal investigation. Plaintiff indicated that he had no comment and was given a letter of summary dismissal terminating his employment. Compl. at Ex. B.

15. On September 17, 2007, Defendant received a letter from Richard Moylan informing it in general terms of Plaintiff's report to Guam Adult Protection services prior to his termination. Decl. of Counsel re: Faxed Aff. of Franklin Remo. Ex. A.

16. In 2002 F. L. and Yuk Lan Moylan were diagnosed with Alzheimer's disease. Opp. Ex. 1 at 4-5.

## DISCUSSION

Over a year ago, on February 6, 2012, Defendant filed a paper entitled, Motion for Summary Judgment. In its paper Defendant requests that the court enter an order summarily dismissing the Plaintiff's Complaint. This request is opposed by Plaintiff.

Rule 56 of the Guam Rules of Civil Procedure regulates when a court may grant summary judgment. Guam R. Civ. P. 56. Summary Judgment is appropriate if the pleadings, deposition, interrogatories and admissions on file together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Guam R. Civ. P. 56(c). *Izuka Corp. V. Kawasho International,* (Guam), Inc., 1997 Guam 10, ¶7.

[A] party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in a light most favorable to the non-moving party. *Bank of Guam v. Flores*, 2004 Guam 25. If however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading, but must produce at least some significant probative evidence to support the pleading. *Edwards v. Pacific Financial Corporation*, 2000 Guam 27, ¶7.

Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Edwards*, 2000 Guam 27, ¶7; *Iizuda*, 1997 Guam 10, ¶8; *Guam Top Builders, Inc. V. Tanota Partners*, 2006 Guam 3, ¶. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. *Edwards*, at 7; Guam Top, at ¶9.

> The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* at 322-323 (1986)(internal citations omitted). A genuine issue precluding summary judgment exists "if there is 'sufficient evidence' which establishes a

factual dispute requiring resolution by a fact-finder." *M Electric Corporation v. Phil-Gets (Guam) International Trading Corporation*, 2012 Guam ¶ 11.

**Wrongful Termination**

In this case Plaintiff's October 16, 2009, complaint first alleges, in Count I that he was wrongfully terminated from his employment. Compl. at 19. In support this count Plaintiff complains that the reason for his termination arose out of his reporting under 10 GCA § 2950, *et. seq.* that the monies of his grandparents, Francis L. Moylan and Yuk Lan Moylan were being wrongfully taken. *Id.* He asserts he suspected that his grandparent's caretakers, his cousins Leialoha Moylan and Francis Lester Moylan Junior, were wrongfully converting his grandparent's money. Plaintiff alleges that upon learning of his reporting of possible elder abuse, Defendant's fabricated a reason to fire him. He asserts that the reason underlying Defendant's pretext was that his grandparents' caretakers are the children of the chairman of Defendant's Bank, who successfully pressured Defendant to terminate Plaintiff's employment in retaliation. *Id.* at 21.

In its motion for summary judgment Defendant asserts facts that support a different reason for ending Plaintiff's employment; that it in good faith believed that Plaintiff violated company policy and federal law when he emailed a non-employee the account transaction details of his supervisors and expressed his opinion about whether their compensation amounts were too much money. The summary judgment standard now requires that Plaintiff evidence material issues of disputed fact which support his Count I allegations. *Izuka Corp. V. Kawasho International*, (Guam), Inc., 1997 Guam 10, ¶7.

It is not disputed that Plaintiff was an "at will" employee of Defendant. Section 55404 of Title 18 of the Guam Code regulates when an employer or employee may end their at-will employment. 18 GCA § 55404. It provides, "An employment, having no specified term, may

be terminated at the will of either party, on notice to the other. Employment for a specified term shall mean an employment for a period greater than one month." *Id.* On its face and by interpretation this section allows an employee or employer to end an employment relationship at anytime and for any reason upon the giving of notice. *Id.*; *Quijano v. Atkins-Kroll*, 2008 Guam 14 ¶ 7.

In December of last year the Guam Supreme Court interpreted Section 55404 to include a limit. *Ramos v. Docomo*, 2012 Guam 20 ¶¶ 1 and 13. The *Ramos* Court held,

> [a]n at-will employee cannot be terminated if such termination would be counter to public policy. To prevail under this public policy exception, an employee must prove that:
> 1. [A] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element);
> 2. [D]ismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element);
> 3. The plaintiff's dismissal was motivated by conduct related to the public policy (the causation element); and
> 4. The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Id.* at ¶ 1. To obtain relief in a wrongful termination action of an at-will employee a must establish each of the above four elements. *Id.* at 13.

**Clarity Element**

The first element requires that statute or policy be "definite enough, in itself, to . . . . serve as a foundation of [Plaintiff's] claim and that the conduct alleged fall within it." *Id.* at 16, (parenthetical added). In this case it is alleged that the policy arises out of Adult Protective Services' Article 10 of Chapter 2 of Title 10 of the Guam Code. 10 GCA art. 10. Section 2952 of this Article is entitled, Reporting of Elderly or Adult with a Disability Abuse.[2] *Id.* On its

---

[2] Section 2952 provides,

face Section 2952 establishes clear dual policy of reporting elderly abuse. The first policy is mandatory and the second permissive. *Id.* Subsection (c), the second policy, applies to members of the general public, excluded from the mandated reporting covered in Subsections (a) and (b). Its language is permissive not mandatory, has no specific reporting requirements,

> (a) Any person who, in the course of his or her employment, occupation or professional practice comes into contact with elderly or adults with disabilities, has actual knowledge or reasonable cause to believe that an elderly or adult with a disability is suffering from or has died as a result of abuse . . . shall immediately make a verbal report of such information or cause a report to be made to the Bureau of Adult Protective Services or its authorized agency and shall, within forty-eight (48) hours, make a written report to the Bureau or its authorized agency. If a verbal report is made on a Friday, a written report will be made by the next workday.
> (b) Persons required to report abuse under Subsection (a) include, but are not limited to . . . banking or financial institution personnel, pension providers, and practicum students in the field of health and human services.
> (c) In addition to persons required to report under Subsections (a) and (b), any other person may make such report to the Bureau of Adult Protective Services if any such person has a reasonable cause to believe that an elderly or adult with a disability is suffering from or has died as a result of abuse.
> (d) Oral or written reports from persons required to report under Subsections (a) and (b) shall include the following information, if available:
> (1) The name of the person making the report and where he or she can be reached. The identity of the person making the report shall be confidential, but made available to an agency contracted authorized by the Bureau of Adult Protective Services to provide case investigation.
> (2) The name, address and approximate age of the elderly or adult with a disability.
> (3) Information regarding the nature and extent of the abuse, the name of the person's caretaker, if known, and any medical treatment being received or immediately required, if known.
> (4) The name of the person or persons responsible for causing the suspected abuse.
> (5) The source of the report.
> (6) Any other information which may assist in the investigation of the suspected abuse.
> (7) The identity of the person making the report shall be confidential.
> (e) Reports of elderly or adult with a disability abuse may be made anonymously under this Chapter.

10 GCA § 2952.

and contains no punishment for failing to report. *Id.*

Employees and professionals however, who, in the course of their employment, have reasonable cause to believe that an elderly person is being abused, are mandated to make both a verbal and a written report to Guam's Office of Adult Protective Services. *Id.* On its face the statute mandates that the verbal report be made or caused to be made immediately. *Id.* It also mandates that within 48 hours that a specific written report be made. *Id.* While the statute allows for a verbal report to be caused to be made, it does not make such an allowance for the written requirement. *Id.* The written report mandates the inclusion of specific elements. *Id.* As mentioned in Plaintiff's papers a double emphasis of the importance of the mandatory policy is evidenced by Section 2954's mandated punishment for failing to report.[3]

Plaintiff in this case falls within the mandated policy. It is undisputed that he was bank employee, who during the course of his employment discovered evidence of the abuse of two elderly persons. The *Ramos* Court held that to meet the first element of its public policy exception, a discharged employee must allege conduct which falls specifically within the requirements of the statute or policy. *Ramos*, 2012 Guam 20 ¶¶ 16. A Plaintiff's failure to do so merits the dismissal of a wrongful termination action.

Viewing the facts in the light most favorable to the Plaintiff, it is clear from the Court's review of the factual assertions of both parties in this case that Plaintiff is unable to assert any facts which would create a triable issue of fact under the policy's mandatory prong. There is no disputable issue of material fact about whether Plaintiff immediately caused a verbal report to be made to Guam Adult Protection Services. Plaintiff's report was made seven days after

discovery. Likewise there is no evidence of a written report, made within 48 hours and containing the six requirements of Section 2952. Absent this, the Court as in *Ramos* must dismiss Count I of Plaintiff's complaint.

In making this finding the Court places special emphasis on the Guam Supreme Court's decision in *Quijano v. Atkin-Kroll,* Inc., 2008 Guam 14, at ¶ 30. In that decision Guam's Supreme Court recognized the potential of reducing at-will employment to a legal fiction. As such until such time as the Guam Legislature acts to further broaden its policies or limit its recognition of at will employment, facial exceptions to these laws should be reasonably limited.

**Count II, III, and IV**

Plaintiff's October 16, 2009, Complaint alleges in Count II, III, and IV that he was wrongfully terminated from his employment. Compl. at 19-24. In support of this allegation Plaintiff alleges that he was willfully and maliciously discharged from his employment for:

1) Complying with Section 1831p-1 of Title 1 of the United States Code;
2) Reporting the transactions that he found to be suspicious concerning his grandparents accounts and misreported transactions of in the ABC Storage, Inc. foreclosure as protected by Section 3729 of Title 31 of the Guam Code; and
3) Reporting the transactions he found to be suspicious concerning his grandparents and the ABC Storage, Inc. foreclosure as protected by the Sarbanes-Oxley Act of 2002, U.S. Public Law 107-204.

In its motion for summary judgment Defendant asserts facts that support a different reason; that it in good faith believed that Plaintiff violated company policy and federal law when he told a non-employee account transaction details of his supervisors and expressed his opinion about whether their compensation amounts were too much money. The summary

---

[3] Section 2954 mandates a punishment for those who do not comply with the rule. It requires that the person "be liable for a fine of not more than Five Hundred Dollars, (and) for a second or subsequent offense, such person shall be guilty of a misdemeanor." 10 GCA § 2954.

judgment standard now requires that Plaintiff evidence material issues of disputed fact which support his Count II, III, and IV allegations. *Izuka Corp. V. Kawasho International*, (Guam), Inc., 1997 Guam 10, ¶7.

Plaintiff in his opposition fails to evidence any facts which create a material issue under the appropriate standard or analyze how these facts might apply to the federal statute or a federal public policy exception in Guam. Absent his providing this, the Court is unable to analyze or consider his argument in opposition. *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments . . . .).

**Fraud, Retaliatory Discharge, False Light, Negligence, and Negligent Infliction of Emotional Distress.**

Plaintiff's October 16, 2009, Complaint alleges in his second, third, fifth, sixth, and seventh causes of action that Defendant:

1) Intentionally misrepresented the grounds for ending Plaintiffs employment;
2) Wrongfully discharged Plaintiff based upon the bad faith actions of its employees;
3) Wrongfully disseminated throughout the community facts about his discharge which would be highly offensive to a reasonable person;
4) Failed to exercise a reasonable care in maintaining the personal information of Plaintiff as to the purported reasons for his termination; and
5) Engaged in conduct which was intended or in conscious disregard of the probability of causing Plaintiff severe emotional distress. Def. Compl. at 25-30 and 32-33.

In its motion for summary judgment Defendant argues that Plaintiff has not specifically pled the necessary elements of fraud or retaliatory discharge under Guam law. Mot. at 32. Defendant's request fails to comply with basic sufficiency requirements that might allow for this Court to grant its requested relief.

Rule 7(b)(1) of the Guam Rules of Civil Procedure regulates the filing of motions and

other papers. It provides,

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.

*Id.* at 7(b)(1). A party's failure to assert the grounds for its request may warrant denial. *In re Estate of Concepcion*, 2003 Guam 12 (Sup. Ct. Guam 2003). In 2008 the Guam Supreme Court explained the burden a moving party bears when requesting relief. *Id.* The *Lamb* court held that "[i]n order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law: It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments . . . .'" *Lamb v. Hoffman*, 2008 Guam 2, ¶¶ 34-36 (Sup. Ct. Guam 2008). Upon review of the court's decision in *Lamb* and the facial requirements of Rule 7 the Court finds that the *Lamb* Court's interpretation applies equally to all motions and papers brought under Rule 7(b) including Rule 56.

In this case Defendant has not met the moving requirements mandated by the Court's rules and the Guam Supreme Court's interpretation of them. Although Defendant argues that the Plaintiff has failed to adequately plead fraud, false light, retaliatory discharge, negligence, and negligent infliction of emotional distress, it fails to assert, argue, or identify the applicable rule allowing for its request, or analyze and argue how the facts of his case apply to the recognized standard which merit the relief it requests. Absent Defendant providing this information the Court is left to, "to discover and rationalize the basis for his claims, or unravel and elaborate for him its arguments." *Lamb*, 2008 Guam 2, ¶¶ 34-36. Placing such a burden upon the Court undermines the ideals of due process and fairness.

**Civil Conspiracy**

Defendant's motion for summary judgment does not mention or discuss Plaintiff's third cause of action of civil conspiracy. As such they will not be analyzed here. *Lamb*, 2008 Guam 2, ¶¶ 34-36.

**Motion to Strike**

Defendant requests that substantial portions of the declarations Plaintiff filed for himself, Franklin A. Remo, and Douglas Moylan be stricken for reasons of their: conclusory allegations, lack of factual support, and general evidentiary inadmissibility. This request was opposed by Plaintiff.

Rule 56 of the Guam Rules of Civil Procedure regulates the papers a court may receive and consider when a party has requested the entry of a summary judgment. Guam R. Civ. P 56. Subpart (e) of this rule provides,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*Id*. at (e). A review of the contested affidavits reveals that they contain assertions which violate this rule and shall not be considered by this Court. The following portions of Platintiff's filed declarations shall be stricken from the record:

1) Affidavit of Franklin A. Remo: Sections: 10, 11, 17, 18, 19, 20, 22, 23, 25, 28, 32, 33,

35, 36, 42, and 43;

2) Affidavit of Scott Moylan: Sections: 26, 32, 34, 52, 53, 59, 60, 62, 65, 92, 101, and 103;

3) Affidavit of Douglas Moylan: Sections: 6, 7, 9, 11, and 19.

## CONCLUSION

For the reasons set forth above Defendant's motion for summary judgment is granted in part. Plaintiff's First Cause of Action for Wrongful Termination Counts One, Two, Three, and Four shall be dismissed and judgment entered for Defendant as to that cause of action. The remainder of Defendant's motion for summary judgment is denied. As outlined above Defendant's motion to strike is also granted part and the sections indicated shall be stricken from the record.

SO ORDERED, this 21 day of August 2013.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam.
Court of Honolulu, Guam.

AUG 2 1 2013

Glenna J. Mendiola
Deputy Clerk, Superior Court of Guam